UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAURICE DAVIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OLYMPIC COMITTEE,<br><br>　　　　　Defendant. | Case No.: 12-CV-02999-LHK<br><br>ORDER DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER |

On June 12, 2012, Plaintiff Maurice Davis ("Plaintiff") filed a complaint against the United States Olympic Committee ("Defendant"), in which he seeks an *ex parte* temporary restraining order ("TRO") "directing the United States Olympic Committee to let Plaintiff compete in the Paralympic swim trials that will take place from June 14-16, 2012, at Bismarck State College." ECF No. 1 ("Compl.") at 8-9. Plaintiff alleges that he has suffered discrimination on the basis of race and that he will be irreparably harmed in the absence of preliminary injunctive relief.

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201

1   (9th Cir. 2009).  The issuance of a preliminary injunction is at the discretion of the district court.

2   *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

3         In addition to making the four substantive showings under *Winter*, a party seeking to obtain

4   an *ex parte* TRO must satisfy certain procedural requirements pursuant to the Federal Rules of

5   Civil Procedure and the Civil Local Rules of this District.  Federal Rule of Civil Procedure

6   65(b)(1) states that a court may issue a temporary restraining order without notice to the opposing

7   party only if: "A) specific facts in an affidavit or a verified complaint clearly show that immediate

8   and irreparable injury, loss, or damage will result to the movant before the adverse party can be

9   heard in opposition; and B) the movant's attorney certifies in writing any efforts made to give

10   notice and the reasons why it should not be required."  In addition, Civil Local Rule 65-1(a)

11   requires that an *ex parte* motion for a TRO be accompanied by: (1) a copy of the complaint; (2) a

12   separate memorandum of points and authorities in support of the motion; (3) the proposed

13   temporary restraining order; and (4) such other documents in support of the motion which the party

14   wishes the Court to consider.  On or before the day of an *ex parte* motion for a TRO, the party

15   seeking the TRO must deliver notice of such motion to the opposing counsel or party, unless

16   relieved by the Court for good cause shown.  Civ. L. R. 65-1(b).

17         Plaintiff here has failed to comply with these various procedural requirements.  For

18   example, Plaintiff gives no indication that he has attempted to give notice of his *ex parte* TRO to

19   Defendant.  Plaintiff has not delivered notice of his TRO to opposing counsel, nor has he shown

20   good cause for his failure to do so.  Furthermore, Plaintiff has filed neither a separate memorandum

21   of points and authorities in support of the TRO motion nor a proposed temporary restraining order.

22         In addition to these procedural defects, Plaintiff has failed to show a likelihood of success

23   on the merits.  Plaintiff appears to be attempting to state a claim for violation of the Equal

24   Protection Clause of the Fourteenth Amendment.  *See* Compl. ¶¶ 6, 11, 13; *see also Balistreri v.*

25   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (pro se pleadings are to be liberally

26   construed).  Plaintiff asserts that on May 17, 2012, he went to the University of Cincinnati for his

27   "classification session," in hopes of being classified as eligible to compete in the Paralympics swim

28   competition.  *Id.* ¶¶ 4-5.  Plaintiff, an African American male, was told at the end of his

classification session by his two examiners that he was not eligible to compete. *Id.* ¶ 7. Both examiners were white males. *Id.* ¶ 6. Plaintiff appealed the decision and was re-tested the following day, but was again told he was ineligible. *Id.* ¶¶ 8-11. Plaintiff believes he was discriminated against on account of his race. *Id.* ¶ 13. "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Apart from stating his belief that he was discriminated against on account of his race, Plaintiff has submitted no other evidence of discriminatory intent. Plaintiff has thus not shown a likelihood of success on the merits of his claim.

Accordingly, for the reasons discussed above, Plaintiffs' *ex parte* motion for a TRO is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: June 12, 2012

LUCY H. KOH
United States District Judge