UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAURICE DAVIS, ) | Case No.: 12-CV-02999-LHK |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER DENYING SECOND *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER |
| ) | |
| UNITED STATES OLYMPIC COMMITTEE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On June 11, 2012, Plaintiff Maurice Davis ("Plaintiff") filed a Complaint against the United States Olympic Committee ("Defendant"), in which he sought an *ex parte* temporary restraining order ("TRO") "directing the United States Olympic Committee to let Plaintiff compete in the Paralympic swim trials that will take place from June 14-16, 2012, at Bismarck State College." ECF No. 1 ("Compl.") at 8-9. Plaintiff alleged that he suffered discrimination on the basis of race and would be irreparably harmed in the absence of preliminary injunctive relief. On June 12, 2012, the Court denied Plaintiff's TRO for failure to comply with the procedural requirements governing the filing of an *ex parte* TRO and for failure to show a likelihood of success on the merits. *See* ECF No. 4.

On July 3, 2012, Plaintiff filed an Amendment to his Complaint, in which he renews his *ex parte* application for a temporary restraining order. *See* ECF No. 5. Plaintiff appends four additional pages of factual allegations and argument to a copy of his original Complaint, in further support of his original request for a TRO. However, the additional allegations and argument do not

1
Case No.: 12-CV-02999-LHK
ORDER DENYING SECOND *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

show a likelihood of success on the merits for the reasons discussed in the Order denying Plaintiff's first *ex parte* request for a TRO.  *See* ECF No. 4 at 2-3.

Moreover, Plaintiff requests the same relief as before, i.e., "[f]or an immediate temporary restraining order directing the United States Olympic Committee to let Plaintiff compete in the Paralympic swim trials that will take place from June 14-16, 2012, at Bismarck State College." ECF No. 5 at 12.  The event that Plaintiff seeks to enjoin has already occurred.  Because Plaintiff did not file his amended *ex parte* request for a TRO until July 3, 2012, seventeen days after the Paralympic swim trials allegedly transpired, Plaintiff cannot show that he will be irreparably harmed in the absence of preliminary injunctive relief.

Accordingly, Plaintiff's second request for a TRO is DENIED for failure to show a likelihood of success on the merits and for mootness.

**IT IS SO ORDERED.**

Dated: July 9, 2012

_____
LUCY H. KOH
United States District Judge